**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

---

IRON WORKERS ST. LOUIS DISTRICT COUNCIL
PENSION TRUST, IRON WORKERS ST. LOUIS
DISTRICT COUNCIL ANNUITY TRUST,
IRON WORKERS ST. LOUIS DISTRICT COUNCIL
WELFARE PLAN, and IRON WORKERS LOCAL NO. 396
OF THE INTERNATIONAL ASSOCIATION OF BRIDGE,     Case No. 2:26-cv-1379
STRUCTURAL, ORNAMENTAL AND REINFORCING
IRON WORKERS,

                    **Plaintiffs,**

        **vs.**

VITRUM FACADES LLC, a Wisconsin limited liability
company, and ZURICH AMERICAN INSURANCE
COMPANY, an Illinois insurance company,

                  **Defendants.**

---

## COMPLAINT

---

NOW COME Plaintiffs, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN (collectively, the "Trust Funds"), and IRON WORKERS LOCAL NO. 396 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS ("Local 396"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendants VITRUM FACADES LLC ("Vitrum Facades") and ZURICH AMERICAN INSURANCE COMPANY ("Zurich American"), and in support, allege as follows:

<u>**JURISDICTION AND VENUE**</u>

1.	Count I of this action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor Management Relations Act of 1947, as amended, (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2.	Count II alleges breach of contract arising from Zurich American's breach of the Payment Bond executed by McCownGordon Construction, LLC ("McCownGordon") and issued by Zurich American (the "Bond"). The Court has supplemental jurisdiction over the subject matter of Count II pursuant to 28 U.S.C. § 1367.

3.	Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that Vitrum Facades' principal place of business is located within the jurisdiction of the United States District Court for the Eastern District of Wisconsin, Milwaukee Division.

<u>**PARTIES**</u>

4.	The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements ("CBAs") between Locals affiliated with the Iron Workers St. Louis District Council and employers and employer associations and therefore, are multi-employer benefit plans as defined by 29 U.S.C. § 1002.

5.	The Trust Funds were established and are administered pursuant to the terms and provisions of their respective Agreements and Declarations of Trust ("Trust Agreements").

6.	Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Trust Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

7. Local 396 is a labor organization located in St. Louis, Missouri, and is part of the Iron Workers St. Louis District Council.

8. Local 396 is the bargaining representative of Vitrum Facades' iron worker employees and, therefore, has associational standing to bring this action on behalf of its members.

9. Defendant Vitrum Facades is a Wisconsin Limited Liability Company with its principal place of business in Milwaukee, Wisconsin.

10. Defendant Zurich American is an Illinois Insurance Company with its principal place of business in Schaumburg, Illinois.

## FACTS COMMON TO ALL COUNTS

11. Vitrum Facades is an employer engaged in an industry affecting commerce.

12. Vitrum Facades is signatory to a Participation Agreement with the Trust Funds. (A copy of the Participation Agreement is attached as **Exhibit 1**).

13. Vitrum Facades is signatory to an agreement with Local 396. (A copy of the Agreement with Local 396 is attached as **Exhibit 2**).

14. Through the Agreement with Local 396, Vitrum Facades agreed to be bound by Local 396's CBA. (A copy of the CBA effective August 1, 2025, through July 31, 2026, is attached as **Exhibit 3**)

15. Through the CBA and Participation Agreement, Vitrum Facades became bound by the provisions of the Trust Funds' Trust Agreements.

16. Pursuant to the provisions of the CBA and Trust Agreements, Vitrum Facades is obligated to make monthly reports of hours worked by its iron worker employees and pay fringe benefit contributions to the Trust Funds and certain contributions and wage deductions to Local 396 at the negotiated rates.

17. The CBA also requires Vitrum Facades to pay its iron worker employees' wages at the negotiated rates.

18. Pursuant to the CBA, employers that fail to timely remit payment of wages to their iron worker employees are required to pay a penalty equal to four (4) hours of straight-time pay for each day of delay.

19. Pursuant to the powers granted to them through the Trust Agreements, the Trustees of the Trust Funds adopted the Audit and Collection Policy and Procedures ("Audit/Collection Policy"), which governs the collection of employer contributions and payroll compliance audits.

20. Pursuant to Section 502(g)(2) of ERISA, the Trust Agreements, and the Audit/Collection Policy, employers that fail to submit their monthly contribution reports and contributions to the Trust Funds by the fifteenth (15th) day (or the next business day thereof) of the month immediately following the month in which the work was performed, a one-time charge of ten percent (10%) ("liquidated damages") is assessed against all delinquent contributions and interest accrues at the rate of one and a half percent (1.5%) per month from the original due date is charged until the contributions are paid in full.

21. Pursuant to the CBA, Trust Agreements, and Audit/Collection Policy, signatory employers are required to furnish the Trustees, upon request, with information that the Trust Funds' auditors may require in order to determine the accuracy of the contributions remitted by the employers.

22. Pursuant to the CBA, Trust Agreements, and the Audit/Collection Policy, the Trust Funds' payroll compliance auditors conducted an examination of Vitrum Facades' books and records for the period of September 3, 2025, through November 5, 2025, for work

performed within the trade and territorial jurisdiction of Local 396 (the "Audit").

**COUNT I**
**BREACH OF THE COLLECTIVE BARGAINING AGREEMENT**

23. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-22 of this Complaint with the same force and effect as if fully set forth herein.

24. The Audit revealed that Vitrum Facades owes the Trust Funds $88,323.11 in contributions, liquidated damages, and interest, itemized as follows:

| Type: | Amount: |
|---|---|
| Contributions | $75,748.55 |
| Liquidated Damages | $7,834.02 |
| Interest | $4,740.55 |
| **Total:** | **$88,323.11** |

25. The Audit identified 1,945.00 hours worked by Vitrum Facades' iron worker employees that Vitrum Facades failed to report and/or pay to the Trust Funds (the "Hourly Variance").

26. Based on the Hourly Variance, Vitrum Facades owes contributions and deductions to Local 396 in the amount of $11,864.26.

27. During the period of September 3, 2025, through November 5, 2025, Vitrum Facades failed and/or refused to pay its iron worker employees $28,287.96 in wages.

28. As a result of Vitrum Facades' failure/refusal to pay its iron worker employees $28,287.96 in wages, Vitrum Facades is liable for a penalty equal to four (4) hours' pay at the straight-time rate for each day the wages remain unpaid.

29. Vitrum Facades has a continuing obligation to submit weekly contribution reports and pay the contributions and wage deductions to Plaintiffs; thus, additional contributions, wage deductions, liquidated damages, and interest may become due and owing.

30. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Vitrum Facades.

31.     Vitrum Facades is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBA, Trust Agreements, Audit/Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A.      Judgment be entered in favor of Plaintiffs and against Defendant Vitrum Facades in the aggregate amount of $128,475.34, itemized below:

      i.      $75,748.55 in contributions owed to the Trust Funds;

      ii.     $7,834.02 in liquidated damages owed to the Trust Funds;

      iii.    $4,740.55 in interest owed to the Trust Funds;

      iv.     $11,864.26 in contributions and wage deductions owed to Local 396; and

      v.      $28,287.96 in unpaid wages.

B.      Judgment be entered in favor of Plaintiffs and against Defendant Vitrum Facades in an amount equal to four (4) hours' pay at the straight-time rate for each day that the $28,287.96 in unpaid wages remain unpaid;

C.      Judgment be entered in favor of Plaintiffs and against Defendant Vitrum Facades for any other contributions, wage deductions, liquidated damages, penalties, and/or interest found to be due and owing in addition to those referenced in Paragraphs A and B above;

D.      Defendant Vitrum Facades be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBA, Trust Agreements, Audit/Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

E.      Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant Vitrum Facades' cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF CONTRACT

32. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-31 of this Complaint with the same force and effect as if fully set forth herein.

33. On December 15, 2024, McCownGordon executed the Bond which included a penal sum of $37,953,577.00 to insure completion of the Lincoln University – Eliff Hall Renovation and Health Sciences & Crisis Center Project (the "Project"). (A copy of the Bond is attached as **Exhibit 4**).

34. Pursuant to the terms of the Bond, Zurich American is required to send an answer to the claimant within sixty (60) days after receipt of the claim stating the amounts that are disputed and the basis for challenging any amounts that are disputed and pay or arrange for payment of any undisputed amounts. (**Exhibit 4**, §§ 7-7.2).

35. On January 19, 2026, Plaintiffs made a claim against the Bond in the amount of $70,865.92 for contributions and unpaid wages owed to the Trust Funds and Local 396 members by Vitrum Facades (the "Bond Claim").

36. On February 9, 2026, Zurich American responded to Plaintiffs' Bond Claim and requested that Plaintiffs produce additional documents to support their claim.

37. On February 19, 2026, Plaintiffs submitted the following documents to Zurich American in support of the Bond Claim: (1) a copy of the Bond; (2) a copy of the CBA; (3) a copy of the Participation Agreement; (4) a copy of the CBA with Local 396 in effect for the period of 2025 through 2028; (5) employee time records; (6) an itemization of the amounts owed by Vitrum Facades; (7) Plaintiffs' counsel's correspondence with Vitrum Facades; and (8) a copy of the notice directed to McCownGordon ("Proof of Claim").

38. On June 11, 2026, the Audit was completed.

39. On June 17, 2026, Plaintiffs supplemented their Proof of Claim to incorporate the amounts revealed by the Audit to be due and owing, thereby amending the Bond Claim to $128,475.34.

40. Zurich American's failure to remit payment is a violation of the Bond.

41. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Zurich American.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter a judgment in favor of Plaintiffs and against Defendant Zurich American in the aggregate amount of $128,475.34 to be applied to the amounts claimed in Count I above.

Respectfully submitted,

**IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST** *et al.*

/s/ Jeffrey A. Krol
Jeffrey A. Krol
IL Bar # 6300262
*Attorney for Plaintiffs*
JOHNSON & KROL, LLC
141 W. Jackson Blvd, Suite 2055
Chicago, Illinois 60604
Telephone: (312) 757-5465
Email: jeffkrol@johnsonkrol.com